IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| GC & S CO. (TRANSPACIFIC INC.), d/b/a PACIFIC TRADING, | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | Case No. CIV-11-275-C |
| WESTLAND GIFTWARE and PRODUCT DESIGN CORPORATION, | ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff GC & S Co., doing business as Pacific Trading ("Pacific"), filed the present action against Westland Giftware ("Westland") and Product Design Corporation ("PDC") seeking a declaration of whether Pacific was infringing on Westland's copyrights by selling, pursuant to a licensing agreement with PDC, certain items. Additionally, Pacific asserts tortious interference claims against Westland. Presently, Defendant Westland moves to dismiss the action or, in the alternative, transfer to the Northern District of California.

## I. BACKGROUND

Defendant Westland, a California manufacturer and supplier of gifts and collectibles, claims to own the copyrights to certain figurines and salt and pepper shakers, which it asserts Product Design Corporation, Plaintiff Pacific, Michael Dowdall, and Jim Bradshaw are infringing. The specific shakers were created by Dowdall, who is the owner of PDC and was previously employed as an art director by Westland.

On July 1, 2010, Plaintiff Pacific entered into a licensing agreement with PDC, a California entity, to sell and manufacture the disputed shakers. On November 18, after Pacific began selling these products, it received a cease-and-desist letter from Westland informing Plaintiff that the shakers were infringing on its copyrights and that it should stop all sales immediately. Again, on January 25, 2011, Westland contacted Pacific demanding that Pacific stop all sales of the allegedly infringing product. On December 3, 2010, Pacific's counsel requested that Westland provide additional information regarding its copyright claims, which Westland did.

In February of 2011, Pacific asked Westland if it would be willing to grant a royalty-bearing license, which Westland declined by e-mail on March 2. Also in this e-mail, Westland requested from Pacific a list of all the items sold, the price for such items, and current inventory of all allegedly infringing items. (Def.'s Br., Dkt. No. 15 ex. 14 (stating that "[w]ith that information in hand, we can discuss the terms of a settlement").) On March 7, PDC sent Westland a letter claiming that PDC, not Westland, owned the copyrights to the items. On March 9, Pacific responded to Westland's request by stating that it would provide the information "regarding past sales of the products at issue . . . soon." (Id. ex. 15.)

Also in this e-mail, Pacific indicated that it did not take the position that items were infringing on Westland's rights and that if Westland "require[d] payment of money to settle this matter, we may be at an impasse." (Id.) After sending this e-mail, Pacific received from PDC a copy of the letter it had sent to Westland. Two days later, Pacific informed Westland that it would not be providing the information requested because it was confidential. Hours

2

later, Pacific filed the present action. Six days after that, Westland filed its copyright infringement action in the Northern District of California against PDC, Dowdall, Bradshaw, and Pacific.

## II. DISCUSSION

### A. *Pacific's Declaratory Action*

While federal statute authorizes courts to "declare the rights and other legal relations of any interested party" in a case of actual controversy within its jurisdiction, 28 U.S.C. § 2201(a), courts may decline to do so in certain situations. See Brillhart v. Excess Ins. Co., 316 U.S. 491, 494 (1942); St. Paul Fire & Marine Ins. Co. v. Runyon, 53 F.3d 1167, 1168 (10th Cir. 1995). Although the decision whether to exercise the power to issue a declaration of rights is vested in the trial court's sound discretion, that decision is made against the backdrop of two important considerations: "Will a declaration of rights, under the circumstances, serve to clarify or settle legal relations in issue? Will it terminate or afford relief from the uncertainty giving rise to the proceeding?" State Farm Fire & Cas. Co. v. Mhoon, 31 F.3d 979, 983 (10th Cir. 1994); Runyon, 53 F.3d at 1168.

In deciding whether to exercise jurisdiction, the Court must weigh the following factors:

> "[1] whether a declaratory action would settle the controversy; [2] whether it would serve a useful purpose in clarifying the legal relations at issue; [3] whether the declaratory remedy is being used merely for the purpose of 'procedural fencing' or 'to provide an arena for a race to *res judicata*'; [4] whether use of a declaratory action would increase friction between our federal and state courts and improperly encroach upon state jurisdiction; and [5] whether there is an alternative remedy which is better or more effective."

3

Mhoon, 31 F.3d at 983 (quoting Allstate Ins. Co. v. Green, 825 F.2d 1061, 1063 (6th Cir. 1987).

Before weighing these factors, the Court must make certain factual findings based on the evidence presented. See Mhoon, 31 F.3d at 983 (emphasizing that the Tenth Circuit would "not engage in a *de novo* review of all the various fact-intensive and highly discretionary factors involved.").

In an unpublished opinion, the Tenth Circuit stated, "A district court may decline to follow the first-to-file rule and dismiss a declaratory judgment action if that action was filed for the purpose of anticipating a trial of the same issues in a court of coordinate jurisdiction." Buzas Baseball, Inc. v. Bd. of Regents of the Univ. Sys. of Georgia, No. 98-4098, 1999 WL 682883 at *3 (10th Cir. Sept. 2, 1999) (unpublished) (unpublished cases are cited for persuasive value only in accordance with 10th Cir. R. 36.3(B)).[*] Runyon, 53 F.3d at 1169.

First, a declaration concerning whether Pacific's sale of the items at issue infringes on Westland's copyrights might settle the parties' dispute, but the predicate dispute is between PDC and Westland regarding copyright ownership of the items at issue. Pacific's rights, as per the licensing agreement, cannot be determined until Westland's and PDC's rights are determined. Additionally, if Pacific and PDC were found to be infringing, this action would not resolve the issue of damages. See Charles Mach. Works, Inc. v. Digital

---

[*] The first-to-file rule gives priority to the first-filed case when two suits are filed involving essentially the same issues and litigants in two substantially identical actions. Lipari v. U.S. Bancorp NA, 345 F. App'x 315, 317 (10th Cir. July 16, 2009) (unpublished). This rule, however, is "not entitled to 'mechanical application.'" Hospah Coal Co. v. Chaco Energy Co., 673 F.2d 1161, 1163 (10th Cir. 1982).

Control Inc., 264 F. Supp. 2d 980, 989 (W.D. Okla. 2003). The later-filed infringement suit includes all parties involved and would resolve all the issues.

Plaintiff's declaratory action does not raise comity or federalism issues, and the parties have opted for litigation rather than some alternative and possibly more efficient remedy. Thus, a pivotal issue for the Court to consider is whether Pacific raced to the courthouse. Hospah Coal Co. v. Chaco Energy Co., 673 F.2d 1161, 1164 (10th Cir. 1982) ("[S]imply because a court is the first to obtain jurisdiction does not necessarily mean that it should decide the merits of the case.").

Defendant is correct that well-founded procedural fencing accusations may tip the balance against an otherwise proper declaratory judgment action. "A district court may choose to avoid a declaratory judgment action because the plaintiff is using the action for procedural fencing." Runyon, 53 F.3d at 1170; Tempco Elec. Heater Corp. v. Omega Eng'g, Inc., 819 F.2d 746, 750 (7th Cir. 1987).

Here, the parties were in the midst of negotiations when the dispute was brought to the courts. Pacific's communications to Westland did not indicate that the two had in fact reached an impasse. Rather, Pacific asserts that after it received a copy of the letter between Westland and PDC, it was forced into an impossible situation where it would potentially be liable to PDC for not selling and potentially liable to Westland for infringing. However, PDC claims that any potential dispute between it and Pacific, regarding alleged breach of the licensing agreement, will not be ripe until the copyright issues are resolved. (See Def.'s Br., Dkt. No. 18, at 8 (disputing whether PDC stated that legal action would be taken).) Even if

5

PDC had asserted breach, the two-day period in which Pacific asserts it was in this "impossible" situation is not compelling. Plaintiff was not caught in a web of extended and unending uncertainty necessitating a judicial determination of its rights. In fact, if Pacific knew it was halting negotiations with Westland upon receipt of the letter from PDC to Westland, it failed to so inform Westland of this switch in its e-mail refusing to provide information on sold items.

Under the circumstances, the Court cannot help but interpret Plaintiff's actions as the kind of procedural fencing that courts condemn. Because Plaintiff's use of the declaratory judgment action unfairly deprives the natural plaintiff of its choice of forum, Defendant's motion is granted. The Court finds dismissal rather than a stay the appropriate remedy under the circumstances. See United States v. City of Las Cruces, 289 F.3d 1170, 1192 (10th Cir. 2002). The parties have not suggested that any impediment exists to Plaintiff raising and maintaining its claims in the California proceeding and none is apparent to the Court.

### B. Pacific's Tortious Interference Claims

In addition to seeking dismissal of Pacific's declaratory actions, Defendant Westland also seeks dismissal of Pacific's asserted tortious interference claims under Rule 12 of the Federal Rules of Civil Procedure.

Under Rule 12(b)(1), a motion to dismiss for lack of subject matter jurisdiction may take the form of either a facial attack or a factual attack. Muscogee (Creek) Nation v. Okla. Tax Comm'n, 611 F.3d 1222, 1227 & n.1 (10th Cir. 2010). A facial attack challenges the court's jurisdiction by looking only to the factual allegations of the complaint. "A factual

6

attack goes beyond the factual allegations of the complaint and presents evidence in the form of affidavits or otherwise to challenge the court's jurisdiction." Id. (citing Stuart v. Colo. Interstate Gas Co., 271 F.3d 1221, 1225 (10th Cir. 2001)). Here, Defendant challenges the Court's jurisdiction based only on the factual allegations of the Complaint and not on any additional evidence. Accordingly, Defendant facially attacks the Court's jurisdiction over Pacific's claims, and, therefore, the Court must look to and accept as true the Complaint's factual allegations. Holt v. United States, 46 F.3d 1000, 1002 (10th Cir. 1995); Ruiz v. McDonnell, 299 F.3d 1173, 1180 (10th Cir. 2002).

Defendant argues that these claims must be dismissed for failure to allege sufficient amount in controversy. Under 28 U.S.C. § 1332(a), federal courts have subject matter jurisdiction over controversies between diverse citizens involving a minimum of $75,000, exclusive of interests and costs. When determining whether the requisite amount in controversy is met, courts look to the plaintiff's complaint, or, when the complaint is not dispositive, to the allegations in the notice of removal. Laughlin v. Kmart Corp., 50 F.3d 871, 873 (10th Cir. 1995). The party invoking federal jurisdiction bears the burden of establishing it, and "[b]oth the requisite amount in controversy and the existence of diversity must be affirmatively established on the face of either the petition or the removal notice." Id.

Although it must appear to a legal certainty that a plaintiff's claim is really for less than the jurisdictional amount to justify dismissal, "[a]n open-ended prayer for recovery . . . is not an allegation that diversity jurisdiction exists or that the amount in controversy exceeds

7

$[75,000]. Adams v. Reliance Standard Life Ins. Co., 225 F.3d 1179, 1183 (10th Cir. 2000). See Gibson v. Jeffers, 478 F.2d 216, 221 (10th Cir.1973). While "[t]here is a strong presumption" favoring the amount pleaded in the complaint and a plaintiff need not specify an exact amount of damages, a complaint "must allege enough facts to convince the Court that recoverable damages will bear a reasonable relation to the minimum jurisdictional requirement." Klocek v. Gateway, Inc., 104 F. Supp. 2d 1332, 1343 (D. Kan. 2000).

After reviewing Pacific's Amended Complaint, the Court finds that it has not sufficiently pleaded facts to survive the present Motion. Plaintiff's threadbare assertion that it is entitled to actual, compensatory, and punitive damages, without more, is insufficient. (Am. Compl., Dkt. No. 13, at 7-8.) Accordingly, Pacific's state law tortious interference claims are herein dismissed.

## CONCLUSION

For the above-stated reasons, Defendant Westland's Motion to Dismiss (Dkt. No. 15) is GRANTED. Because the Court finds that Plaintiff's claims should be dismissed, Defendant PDC's Motion to Dismiss (Dkt. No. 18) is moot. Plaintiff's claims are herein dismissed without prejudice.

IT IS SO ORDERED this 18th day of July, 2011.

ROBIN J. CAUTHRON
United States District Judge